CASE 44—MANDAMUS—NOVEMBER 7.

# Cassidy, Auditor's Agent, v. Young, County Judge.

APPEAL FROM BATH COURT OF COMMON PLEAS.

| 92 | 227 |
| 93 | 389 |
| 94 | 53 |
| 92 | 227 |
| 105 | 520 |
| 92 | 227 |
| 106 | 433 |
| 92 | 227 |
| f126 | 653 |
| 92 | 227 |
| f129 | 587 |

1. MANDAMUS LIES to compel an inferior judicial tribunal to act, but not to control its judgment.
2. A MINISTERIAL DUTY which a public officer may be compelled by mandamus to perform is a mandatory duty imposed by law, or which arises necessarily as an incident to the office, and about the performance of which he has no discretion, though he is compelled to exercise judgment in the performance of it. But if judgment and discretion are to be exercised as to how the duty shall be performed, then such duty is both judicial and ministerial, and mandamus lies to compel the officer to act in the premises, but not to control his judgment.
3. THE ACT OF THE COUNTY JUDGE IN ASSESSING PROPERTY UNDER THE AUDITOR'S AGENT ACT IS MINISTERIAL, but in determining whether the property should be listed for taxation he exercises judgment and discretion, and that judgment and discretion can not be controlled by mandamus.
4. APPEAL BY AUDITOR'S AGENT.—The County Judge in sustaining demurrer to an information filed by the Auditor's Agent does not refuse to act but decides that the facts admitted by the demurrer to be true are not sufficient to require the defendant to list the property, and therefore the remedy of the Auditor's Agent is by appeal, and not by mandamus to compel the Judge to assess the property.

W. J. HENDRICK, ATTORNEY GENERAL, R. REID ROGERS, G. A. CASSIDY, W. T. SMOOT FOR APPELLANT.

The duties of the County Court with regard to the assessment, listing and certification of delinquent taxes, are purely ministerial, and therefore mandamus lies. (McAlister v. Commonwealth, 6 Bush, 581; Pennington v. Commonwealth, 79 Ky., 13; Hoke v. Commonwealth, 79 Ky., 567; Baldwin v. Shine, 84 Ky., 502; Baldwin v. Hewitt, 88 Ky., 192.)

THOMAS H. HINES, J. S. HURT FOR APPELLEE EWING.

A mandamus will only lie to compel an Executive or .. ministerial officer. to do or to omit to do an act the performance or omission of which is enjoined by law (Civil Code, sec. 477). Therefore the petition is not good in so far as it attempts to regulate and control the judicial discre-

tion of the County Judge as exercised in reference to the information against Ewing in sustaining a demurrer thereto. (High on Ext. Legal Remedies, secs. 149, 230.)

R. GUDGELL & SON, WALLACE S. GUDGELL on same side.

1. When a mandamus is refused no appeal lies. (Craddock, et al, v. Crogan, Sneed's Reports, 100.)

2. Mandamus does not lie to compel the performance of acts or duties necessarily calling for the exercise of judgment and discretion on the part of the officer at whose hands their performance is required. (Wood on Mandamus, pp. 19, 20, 71, 72; Goheen v. Meyers, 18 B. M., 423; Ohio County v. Newton, 79 Ky., 267; High on Ext. Legal Remedies, sec. 24.)

　　The County Judge has a large discretion in the assessment of property under the Auditor's Agent act. (Gen. Stats., chap. 93, Act April, 1880, sec. 2.)

JUDGE BENNETT delivered the opinion of the court.

The appellant, as Auditor's agent, filed a written information in the Bath County Court against F. M. Ewing, executor of A. J. Ewing, deceased, and asked that the estate of A. J. Ewing, deceased, be listed and assessed by said court for State taxation for the years from 1865 to 1889 inclusive; said A. J. Ewing, as is alleged, having failed and refused to list said property with the Assessor for those years. The tax and ten per cent. interest thereon, as is alleged, amounted to about forty-four thousand dollars. A demurrer was filed to the information, which was sustained because the allegations thereof were not sufficient to present a traversable issue. The appellant stood by his pleading and filed his petition in the Bath Common Pleas Court against the County Judge, the Hon. John D. Young, and asked that he be compelled to overrule the demurrer and hear the information and assess said property. The Common Pleas Court sustained a demurrer to the petition and dismissed it, and the appellant has appealed to this court. The first question to be

determined is, is the writ of mandamus in this case the proper remedy against the County Judge? if it is not it is needless to discuss the question as to the sufficiency of the information filed. If the action required of the County Court was strictly ministerial then the writ of mandamus was the proper remedy, but if the action required of it was both judicial and ministerial then the writ of mandamus was not the proper remedy except for the purpose of requiring it to act, not how it should act. For it is well settled that one exercising a judicial subordinate and ministerial authority may be compelled to proceed to the performance of his duty, but he can not be coerced in his judgment or compelled to exercise his discretion in a particular manner by means of this writ. (See Cooley on Taxation, pages 728 to 732.)

" If an inferior tribunal has a discretion and proceeds to exercise it then its discretion should not be controlled by mandamus, but if the subordinate public agent, whether it be invested with both judicial and ministerial functions or only with the former, refused to act in any way or entertain a question as to which he has a discretion and which the law has enjoined upon its consideration, then obedience to the law should be enforced by mandamus and the agent compelled to act if there is no other legal remedy; but in such case its discretion or judgment must be left free to act and can not be controlled in a particular direction. The performance of a plain, positive duty may be compelled by a mandamus, but where there is a discretion as to the result that may be arrived at it can not be controlled." (See 14 American and English Encyclopædia of Law, page 119–10.) " Mandamus lies to compel the performance of duties purely ministerial in their nature

and so clear and specific as not to call for the exercise of any discretion in their performance." (See same authority, page 99.)

In the case of Commonwealth for &c., v. Boone County Court, 82 Ky., 632, this court, through Judge Holt, held that when an inferior tribunal is invested with both judicial and ministerial functions, or only the former, and refused to act or entertain a question as to which it has a discretion, it should be compelled to act by mandamus, but if it acts, although it may be mistaken in its judgment, it can not be compelled by mandamus to act differently.

It seems from the authorities, *supra*, and others that might be referred to, that a ministerial duty on the part of a public officer, the performance of which may be compelled by mandamus, is a mandatory duty imposed by law or which arises necessarily as an incident to the office and about the performance of either he has no discretion, though he is compelled to exercise judgment in the performance of it. But if judgment and discretion are to be exercised as to how the duty shall be performed, then such duty is both judicial and ministerial and a mandamus lies to compel the officer to act in the premises, but not to control his judgment and discretion. Apply this rule to the case at bar. Here, then, pursuant to section 2, chapter 93, Auditor's Agent Act, General Statutes, page 1113, the Auditor's agent is required to file a written information before the Courty Court against any person in that county who may have failed to list his property with the Assessor of the county for taxation; summons must be issued against the person; he may appear, and demur to the information upon the ground that it does not present a traversable issue, or may answer and

traverse the right of the Commonwealth to list his prop-
erty, and it is the duty of the court to decide the question
of demurrer or hear proof *pro* and *con* and decide from
the pleadings and evidence whether the party should or
should not list his property for taxation.  So it can not
be doubted that the court, while performing ministerial
functions in making the assessment, must exercise judicial
judgment and discretion in determining whether or not
the person's property should be listed for taxation, and
according to the rule indicated that judgment and discre-
tion can not be controlled by mandamus.  But it is said
that acting on the demurrer is not the exercise of judg-
ment and discretion upon the merits, and it is the same as
a refusal to act upon them, therefore mandamus will lie
to compel the court to act upon the merits.  It is, how-
ever, to be observed that the demurrer was sustained be-
cause, in the opinion of the court, the facts alleged were
not sufficient to sustain a cause of action.  And the
alleged facts being admitted as true, the direct and only
question was whether or not those facts presented sufficient
legal merit to sustain a cause of action; and the court
having decided that the facts did not present such merit,
it seems to us there was a decision upon the legal merit
of the facts admitted to be true by the demurrer.  (See
Thomas v. Bland, 91 Ky., 1.)  To illustrate : Suppose
the same facts had been submitted to the court on the
trial and it had been decided that they were not
sufficient evidence upon which to require the person to
list his property for taxation, would there be any doubt
that the decision was upon the merits and that mandamus
would not lie to compel the judge to correct it; but in-
stead of the regular trial the same facts are admitted on

demurrer to be true, and the court says they are not sufficient to authorize the listing of the person's property, now is it not equally true that the decision was upon the merits of the admitted facts? It seems that in either case we have a decision upon the merits of the facts as to requiring the person to list his property, which decision is a judicial determination upon the merits of the facts presented as constituting the cause of action. It was not a case of the refusal of the court to act upon the merits.

If the court had refused to act upon the merits, it makes no difference from what cause, a mandamus would lie to compel it to act. This principle is illustrated in the case of Hoke v. Commonwealth, 79 Ky., 567 (a proceeding by information), which decides that the court having refused to proceed to consider the case because of the fact that, in the court's opinion, the act directing it was unconstitutional, was a refusal of the court to act in the premises, therefore mandamus would lie. That case, it may be here added, inferentially sustains the view expressed awhile ago, for it says that if the action of the court, in having sustained the demurrer, was unexplained, it might present an obstacle to the proceedings by mandamus against the County Judge. Also the case of Baldwin v. Shine, Presiding Judge, &c., 84 Ky., 502, was an action in equity to enjoin the assessment and collection under the Auditor's Agent Act of an illegal tax. It was also held in the Hoke case, *supra*, that the listing of property and also its valuation by the County Judge were ministerial acts. That opinion, in so far as it speaks of the valuation as a ministerial act, must be held to be in harmony with the case of Cincinnati, &c., Ry. Co. v. Commonwealth, 81 Ky., 492 (opinion by Judge Pryor), and the

case of Slaughter, &c., v. The City of Louisville, 89 Ky., 112, which decide that the mere act of valuation is judicial in character ; but by the division of the powers of government in this State the assessment of property belongs to the ministerial functions of government. And in the other cases where the duties of the County Judge are characterized as ministerial it must be understood as classing them among ministerial functions of government, and as not meaning to deny the fact that in a case like this the duties of the court are both judicial and ministerial, and that an appeal lies from the court's decision upon the merits.

The judgment is affirmed.