CASE 66.—ACTION BY T. C. JONES AGAINST B. J. DRAKE, COUNTY JUDGE, TO COMPEL HIM, BY MANDA-MUS TO RESTORE A LOST JUDGMENT.—Oct. 6.

# Jones v. Drake, Judge

Appeal from McLean Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

From a judgment dismissing plaintiff's petition, he appeals—Affirmed.

1. Mandamus—When Proper—Re-entry of Judgment.—Under Ky. St. 1903, section 3991, providing that, upon "satisfactory proof" that an unexecuted judgment has been entered and the record thereof destroyed, the court must re-enter the judgment, mandamus will not lie to compel re-entry since the court acts judicially in determining whether the proof is

satisfactory; the remedy being by appeal from the order refusing to re-enter the judgment.

2.   Same.—Mandamus lies to compel performance of a mandatory duty, or to compel exercise of a judicial function, where there is no other legal remedy, but the exercise of discretion cannot be controlled in a particular direction.

TAYLOR & CLARK, Attys. for appellant.

1. It is alleged in plaintiff's amended petition that the defendant well knew that he, as judge of the court, had rendered the judgment, and that it had been destroyed, and therefore it was not necessary to offer any proof or to allege that proof had been offered on the hearing of a motion to restore the judgment.

2. The demurrer of the defendant to plaintiff's petition admitted all the allegations therein to be true, and this admission dispensed with the necessity for any proof to be offered by the plaintiff.

JOE H. MILLER for appellee.

POINTS AND AUTHORITIES.

1. A court is not authorized to re-enter a judgment, which has been lost or destroyed, by default. (Ky. Statute, 3991; Farrow v. O'Rear, 2 Duval, 261; Haney v. McClure, 88 Ky., 150.)

2. Mandamus will not lie to control the exercise of judicial discretion. (Cassidy v. Young, 92 Ky., 227; Shine v. Ky. Central R. R., 85 Ky., 177.)

.OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Affirming.

Appellant, T.. C. Jones, seeks in this action a mandamus against B. J. Drake, county judge of McLean county, to compel him to re-enter upon the record of his court a judgment that had been destroyed. It appears from appellant's petition that one W. G. Gibson instituted in the quarterly court of McLean county an action against him on a note for $115. The appellant, who was defendant in that action, pleaded

non est factum. The case was heard, and the jury returned a verdict in favor of appellant. Judgment upon this verdict was first improperly entered. Thereafter a judgment dismissing Gibson's petition was entered. In the year 1908 the courthouse of Mc-Lean county was destroyed by fire, and all the records of the county judge's office, including the records of the case referred to, were burned. Appellant, after giving notice to Gibson, moved the court to restore the judgment. This the court refused to do. Thereafter appellant filed an amended petition to the effect that the appellee, as judge of the McLean county quarterly court, well knew that the judgment sought to be re-entered had been formerly entered in that court, and that he knew and admitted the judgment had been destroyed by fire. Appellee's demurrer to the petition and amended petition was sustained, and they were dismissed, of which ruling of the court appellant complains.

Appellant contends that this action is authorized by section 3991 of the Kentucky Statutes of 1903. That section is as follows: "When any judgment or final order of any court of record of this State remains unexecuted, and the record thereof has been lost, mutilated, defaced or destroyed, it shall be lawful for any person interested therein, upon ten days' notice, in writing, to the adverse party, to move the court in which such judgment was rendered or final order was made to re-enter the same of record; and, upon satisfactory proof that such judgment or final order had been theretofore entered of record, that the same had been mutilated, defaced or destroyed, and the purport thereof, it shall be the duty of the court to re-enter the same of record; which judgment or final order so entered shall have the same effect

as the original to all intents and purposes, and official copies thereof shall be received as evidence for all purposes for which like copies of the original, if in existence, would be competent. No judgment for costs shall be rendered against the defendant in such motion, unless he shall controvert the plaintiff's right, and fail in his defense." The appellant relies particularly upon the language, "it shall be the duty of the court to re-enter the same of record," claiming that, wherever a mandatory duty is thus imposed, its performance may be compelled by mandamus. It will be observed, however, that the duty is only imposed "upon satisfactory proof that such judgment or final order had been theretofore entered of record." In determining whether or not the proof so offered is satisfactory the court acts in a judicial capacity. That being the case, his discretion cannot be controlled by mandamus. The law is well settled in this and every other jurisdiction that, if an inferior tribunal has a discretion and proceeds to exercise it, then its discretion should not be controlled by mandamus, but, if the subordinate public agent, whether it be invested with both judicial and ministerial functions or only with the former, refused to act in any way or entertain a question as to which he has a discretion, and which the law has enjoined upon its consideration, then obedience to the law should be enforced by mandamus, and the agent compelled to act if there is no other legal remedy; but in such case its discretion or judgment must be left free to act and cannot be controlled in a particular direction. The performance of a plain, positive duty may be compelled by a mandamus, but, where there is a discretion as to the result that may be arrived at, it cannot be controlled.

Cassidy, etc. v. Young, County Judge, 92 Ky. 227, 17 S. W. 485, 13 Ky. Law Rep. 512.

So, too, it has been held that where an inferior tribunal is invested with both judicial and ministerial functions or only the former, but refuses to act or entertain a question as to which it has discretion, it may be compelled by mandamus to act; but, if it acts, although it may be mistaken in its judgment, it cannot be compelled by mandamus to act differently. Commonwealth, for, etc. v. Boone County Court, 82 Ky. 632, 6 Ky. Law Rep. 755. In this case it does not appear that appellee refused to act. On the contrary, the petition alleges that appellee refused to re-enter the judgment. If he had refused to act at all, he might have been compelled to do so, but the manner of his acting would not have been subject to control by mandamus. Appellant's remedy is by appeal from the order of the county court refusing to re-enter the judgment. In this manner the propriety of appellee's action may be called in question.

Judgment affirmed.