### Carter County, et al. v. Mobley.

(Decided November 8, 1912.)

Appeal from Carter Circuit Court.

Weights and Measures—Fiscal Court—Inspector of Weights and Measures—Chapter 90, Acts of 1910—Apparatus—Duty of Fiscal Court to Furnish—Mandamus.—After the appointment of an inspector of weights and measures as provided by Chapter 90, Acts of 1910, it is the plain and positive duty of the fiscal court to provide such inspector with weights, measures and balances, and such other apparatus as will enable him to make the necessary tests, and for a failure to do so, mandamus will lie.

JEROME DUVALL for appellants.

JOHN G. MORRIS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, W. T. Mobley, who had been elected by the fiscal court inspector of weights and measures of Carter County, brought this action against Carter County and the individual members of its fiscal court for a mandamus compelling them to provide him with weights, measures, balances and other apparatus necessary to enable him to perform his duties. The trial court held that the defenses interposed by defendants were insufficient, and entered judgment granting plaintiff the relief prayed for. From that judgment defendants appeal.

It appears from the petition that the plaintiff was elected inspector of weights and measures by the fiscal court of Carter County at its January term, 1911. At the same term of the court he executed bond in the sum of $500 for the faithful discharge of his duties. The bond was approved by the judge of the county court.

Thereafter he applied to the fiscal court at its January term, 1911, at its April term, 1911, and its October term, 1911, to provide him with weights, measures and balances, and such other apparatus as would enable him to make the necessary tests required by the act under which he was appointed. At the special January term, 1912, of the fiscal court, plaintiff appeared and again moved the fiscal court to supply him with the necessary apparatus. Thereupon the court overruled his motion. Alleging that the members of the fiscal court had refused, and still refused, to furnish him the necessary apparatus, he prayed for a mandamus, compelling them to do so.

The defendants filed an answer in three paragraphs. In the first paragraph they denied certain allegations of the petition. By paragraph two they pleaded that the prosecution of the action was not in good faith, but prompted by feelings of disappointment and resentment, and a desire to harass and annoy certain members of the fiscal court, and incur additional expenses to the taxpayers of Carter County; that the petitioner, by reason of his advanced age, and the excessive use of intoxicating beverages, was incapacitated to perform the duties of inspector of weights and measures. In paragraph three they pleaded that while acting as the fiscal court of Carter County they had at all times entertained all motions and matters presented to said body and court by the petitioner, and especially the matters in controversy, and had promptly acted upon same; and, acting

under oath, had exercised their judicial discretion in determining the rights of all parties in a manner that appeared to them to be just, wise and proper. They further pleaded that the petitioner had never set out or indicated to the court what was necessary to have furnished him in order that he could make the tests required by the statute, and that the act of the General Assembly did not indicate what weights and measures or apparatus were required, nor did the defendants, composing the fiscal court, know or have sufficient information as to what was necessary to be purchased or procured under said act. Plaintiff's demurrer to the second and third paragraphs of defendants' answer was sustained.

The question is: Did either of the paragraphs of the defendants' answer present a defense?

Section 1 of ''An Act relating to weights, measures and balances and the appointment of an inspector of weights and measures for counties'' (see chapter 90, page 265, Acts, 1910), provides:

''The fiscal court of every county in the State, within ninety days after this act takes effect, shall provide duplicates of the standard weights, measures and balances approved by the government of the United States; said duplicates shall be kept in the custody of the clerk of the county court for each county and in the office of said clerk.''

Section 2 is as follows:

''The fiscal court of each county may in its discretion appoint an inspector of weights and measures, said inspector to be appointed by the fiscal court at its October session and he shall hold office for two years, or until his successor is selected and qualified. Before entering upon the discharge of his duties he shall execute bond for the faithful performance of his duties, said bond to be approved by the judge of the county court and the penal sum to be fixed by said judge of the county court. The duties of inspector shall not be incompatible with those of any other county office and the fiscal court may, in its discretion, authorize said duties to be performed by some county official.''

Section 3, in addition to prescribing the duties of an inspector, provides as follows:

"The fiscal court shall provide the inspector with weights, measures and balances, and such other apparatus as will enable him to make the necessary tests."

Sections 4 and 5 fix the fees of the inspector and prescribe how and by whom they shall be paid. They also contain further provisions regulating the matter of doing the work. Section 6 provides for certain penalties for a failure on the part of anyone to buy or sell by weights or scales that do not correspond to those provided by the act in question, or for using or keeping on hand false weights, measures and scales. It also provides a penalty in case any person shall fail to permit the inspector to make a test of his weights, measures, scales and balances, or shall interfere with the inspector in doing so, or shall refuse to pay the fees for tests after same have been made.

It is the contention of defendants that they are vested with a discretion not only in the matter of appointing an inspector of weights and measures, but also in the matter of furnishing him with the necessary apparatus for the performance of his duties; that in refusing to furnish him the apparatus they acted within the limits of their discretion, and their action, therefore, is not subject to review by the court.

It may be conceded that if an inferior tribunal or subordinate public body has a discretion and proceeds to exercise it, its discretion cannot be controlled by mandamus; but if it has a discretion and refuses to exercise it, it can be compelled to do so, though not in a particular direction. But where the inferior tribunal has certain duties to perform which are clearly and peremptorily enjoined by law, mandamus will lie to compel their performance. Cassiday, &c. v. Young, &c., 92 Ky., 227; Commonwealth, for, &c. v. Boone County Court, 82 Ky., 632; Jones v. Drake, Judge, 129 Ky., 583. It will be seen from an examination of the foregoing sections of the statute, supra, that the fiscal court has a discretion in the matter of appointing an inspector of weights and measures. This discretion it exercised when it appointed plaintiff. Section 1 of the act, however, provides that the fiscal court of every county of the State, within ninety days after this act takes effect, shall provide duplicates of the standard weights, measures and balances approved by the government of the United States, and the said duplicates shall be kept in the cus-

tody of the clerk of the county court of each county, and in the office of said clerk. Section 3 further provides that the fiscal court "shall provide the inspector with weights and measures and balances, and such other apparatus as will enable him to make the necessary tests." The language of the act is mandatory. The fiscal court has no discretion in the matter. It is its plain, positive duty to furnish the apparatus required by the act. If it fails to do so, mandamus will lie to compel it to do so. It is no defense to such an action to say that the inspector who has been appointed is not competent to fill the office. This may be a reason why he should be removed from the office, but furnishes no reason why the fiscal court should not comply with its manifest duty under the law. Nor is it any defense that plaintiff did not designate with sufficient certainty the kind of apparatus he desired. The act itself specifies the kind of apparatus, and all that the fiscal court has to do is to comply with that act.

Judgment affirmed.