## Campbell, et al. v. Owens, et al.

(Decided November 21, 1912.)

### Appeal from Perry Circuit Court.

Schools and School Districts—Educational Division Board—Teacher Nominated by Subdistrict Trustee—When Duty to Elect—Mandamus.—When a teacher nominated and recommended in writing by the subdistrict trustee possesses the necessary qualifications, and no reasonable objection is offered to his election, it is the duty of the trustees composing the Educational Division Board to elect him, and for a failure to do so, mandamus will lie.

P. T. WHEELER and W. H. MILLER for appellants.

WOOTTEN & MORGAN for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On June 20, 1912, plaintiffs, William Owens and Harvey Owens, brought this action against Mann Campbell and others, composing the Educational Division Board No. 2 in Perry County, Kentucky, to compel them to elect plaintiff, William Owens, a teacher for Dwarf school in subdistrict No. 6, for the school term 1912-13, and to compel the chairman and secretary of the Educational Division Board to execute the necessary contract. The trial court granted plaintiffs the relief prayed for, and defendants appeal.

Harvey Owens is a trustee in subdistrict No. 6, of Educational Division Board No. 2. William Owens is his son, and holds a teacher's certificate of the first class. On June 15, 1912, the day appointed for the election of teachers, Harvey Owens and the defendants, composing Educational Division Board No. 2, met, after being duly notified by the chairman, for the purpose of employing teachers for the 13 subdistricts in said educational division. After various teachers had been elected for the schools in their subdictricts, Harvey Owens nominated and recommended in writing to the Division Board plaintiff, William Owens, as a suitable teacher for the Dwarf School in subdistrict No. 6. At the same time he filed with the board the teacher's certificate held by plaintiff, William Owens. No objection nor remonstrances nor petitions were made against the election of William Owens, so none were

filed. The Educational Board then went into an election. Upon examining the ballots it was found that there were one or two votes for a teacher who had not been nominated by the trustee in subdistrict No. 6. Thereupon another ballot was taken, and plaintiff, William Owens, received three votes. The other trustees declined to vote for him. The chairman then declared that there had been no election, and called upon Harvey Owens for other nominations. Harvey Owens declined to make any further nomination, stating that if he were required to do so he would again nominate William Owens. Thereupon the board adjourned without electing a teacher.

Subsequently the chairman of the Division Board called a meeting for June 29, 1912. Eight members of the Educational Division Board were present. Plaintiff, Harvey Owens, did not attend. Thereupon the secretary of the board nominated Jasper Hurt for teacher. Hurt received seven votes, or more than a majority of the votes of the Educational Division. Thereupon the chairman declared him elected, and the contract between him and the board was drawn up and signed. At the time Jasper Hurt was elected his was the only application before the board.

Section 5, Chapter 25, Acts 1912, provides as follows:

"It shall be the duty of the subdistrict trustee to nominate and 'recommend in writing to the Division Board one or more teachers for each school in his subdistrict, and with said nomination and recommendation he shall convey the teacher's credentials and any objections, remonstrances or petitions that may be offered in writing, to the election of said teacher or teachers, and the board shall elect for each subdistrict a teacher or teachers nominated by the trustee thereof, when such teacher possesses the necessary qualifications and no reasonable objection is offered.

"Should the Division Board reject any nomination or should any trustee fail to nominate for his subdistrict, the chairman of the Division Board shall immediately notify such subdistrict trustee and request further nominations. The Division Board in each educational division shall meet for the consideration of applications and the election of teachers on the first Saturday of June of each year."

Under the statute in force prior to the adoption of the above amendments the Division Board of Trustees had the right to elect all teachers for the schools in the subdistricts composing the Educational Division, without regard to any nominations or recommendations made by the local trustee. Subsection 8, Section 4426a, Kentucky Statutes. His power was confined to voting in the same manner as the trustees of the other subdistricts. It will be observed, however, that by the amendments in question it is made the duty of the subdistrict trustee to nominate and recommend in writing to the Division Board one or more teachers for each school in the subdistrict, and to convey with said nomination and recommendation the teacher's credentials, and any objections, remonstrances or petitions that may be offered in writing to the election of said teacher or teachers. It is then made the duty of the Division Board to elect for each subdistrict the teacher or teachers nominated by the trustee thereof, when such teacher possesses the necessary qualifications, and no reasonable objection is offered. In other words, the power to select teachers is vested in the subdistrict trustees, subject to the limitation that the teachers recommended by them shall possess the necessary qualifications, and no reasonable objection shall be offered to their election. In this case no objections, remonstrances or petitions against the election of William Owens were offered in writing, so none were filed. When the election was called none of the trustees offered, as they had a right to do, either oral or written objections to his election. The trustees just arbitrarily refused to vote for William Owens, without assigning any reason therefor. If it had been made to appear that William Owens did not possess the necessary qualifications, or if any objection had been offered to his election based on incapacity, moral unfitness, lack of disciplinary power or proper influence over his pupils, or lack of other qualities essential to good teaching, or any other reasonable objection had been offered, then the trustees would have had a discretion in the matter of his election which the courts would not interfere with in any way, for it is well settled than if an inferior tribunal or a subordinate public body has a discretion, and proceeds to exercise it, such discretion can not be controlled by mandamus. The discretion of the members of the Educational Division, however, is con-

fined to those cases where the teacher nominated by the subdistrict trustee does not possess the necessary qualifications, or a reasonable objection is offered to his election. Where neither of these conditions exist it is the plain and manifest duty of the members of the Division Board to elect the teacher nominated by the subdistrict trustee, and for a failure to perform their duty in this respect mandamus will lie. Cassidy, etc. v. Young, etc., 92 Ky., 227; Commonwealth, for etc. v. Boone County Court, 82 Ky., 632; Jones v. Drake, Judge, 129 Ky., 583; Carter County, etc. v. W. T. Mobley, 150 Ky., 482.

Judgment affirmed.