## Maynard v. Maynard, et al.

(Decided March 5, 1913.)

### Appeal from Martin Circuit Court.

1. Schools and School Districts—Election of Teacher—When Mandamus Will Lie For Failure to Elect.—When a teacher, nominated and recommended in writing by the sub-district trustee, possesses the necessary qualifications, and no reasonable objection is

offered to his election, it is the duty of the trustees composing the Educational Division Board to elect him, and for a failure to do so, mandamus will lie.

2. Schools and School Districts—Objections to Election of Teacher—Rejecting Nomination of Teacher—When Courts Will Not Intervene.—When an election is held by the Educational Division Board, any member thereof may, either orally or in writing, offer objections to the election of a teacher who has been nominated by a sub-district trustee; and, if said objection be reasonable, the courts will not interfere with the discretion of the Board in rejecting the nomination.

3. Schools and School Districts—Objection to Teacher—What Will Justify Rejection of Nomination.—An objection to a nominated teacher, that he had not given satisfaction in his work during the previous year, and that a majority of the patrons of the school were opposed to him, is a reasonable objection, which will justify the action of the Board in rejecting the teacher's nomination.

W. T. CAIN and W. D. O'NEAL, JR., for appellant.

W. R. McCOY for appellees.

Opinion of the Court by Judge Miller—Affirming.

This is an action by James G. Maynard against G. D. Maynard and the other members of the Educational Division Board No. 1, of Martin County, to compel them to elect the appellant principal teacher for Eden School in Sub-District No. 1, for the year 1912-13, and to compel the chairman and secretary of the Educational Division Board to execute a contract with appellant evidencing the employment.

The case is to be determined under Section 5, of Chapter 25, of the Act of 1912, which reads, in part, as follows:

"It shall be the duty of the sub-district trustee to nominate and recommend in writing to the division board one or more teachers for each school in his sub-district, and with said nomination and recommendation he shall convey the teacher's credentials and any objections, remonstrances or petitions that may be offered in writing, to the election of said teacher or teachers, and the board shall elect for each sub-district a teacher or teachers nominated by the trustee thereof, when such teacher possesses the necessary qualifications and no reasonable objection is offered.

"Should the division board reject any nomination or should any trustee fail to nominate for his sub-district, the chairman of the division board shall immediately no-

tify such sub-district trustee and request further nomina-
tions. The division board in each educational division
shall meet for the consideration of applications and the
election of teachers on the first Saturday of June in each
year.''

G. D. Maynard is the uncle of appellant, James G.
Maynard, and is the trustee in Sub-District No. 1, and
chairman of the Educational Division Board. As sub-
district trustee, G. D. Maynard duly nominated appellant,
in writing, for principal teacher of the school; but a ma-
jority of the board having refused to elect appellant, he
instituted this action. Appellees answered, in substance,
that they had refused to elect appellant to the position of
principal teacher because he had not given satisfaction
in his work during the previous year, and that a major-
ity of the patrons of the school was opposed to him. No
question was made against appellant's technical qualifi-
cations, since he had a teacher's certificate which filled
the requirements of the law.

The court held that the petition as amended stated a
cause of action; and, issues having been made, and evi-
dence taken upon the objections raised to appellant, the
court, upon the trial, dismissed the petition. From that
judgment the plaintiff prosecutes this appeal.

The record discloses the following facts: At the June
meeting of the Division Board, which consisted of nine
members, the appellee, G. D. Maynard, as sub-district
trustee, nominated and recommended appellant, in writ-
ing, as principal teacher for the school in question, and
at the same time nominated and recommended three other
teachers for the subordinate positions in said school. No
objections, remonstrances or petitions were filed with the
chairman against any of said teachers, but when the vote
was taken, six members of the Board voted to reject the
nomination of appellant, and of one other nominee.
Three of the ballots contained this written statement:
''James Maynard rejected because he was hired in this
school last year and failed to give satisfaction; because
the pupils and patrons of this school do not want him as
teacher; because I do not believe it to be to the best in-
terest of the pupils of the school for him to be the teach-
er, and upon my oath as trustee I cannot vote for him as
teacher in said school. Stella Kirk rejected because she
cannot give satisfaction as primary teacher in said school,
and it would not be to the best interest of the pupils for
her to be teacher.''

After the ballots had been counted, Chairman May-nard called upon the members for a standing vote, which again resulted in appellant's rejection by the same vote; whereupon, the chairman demanded their reasons for the rejection of appellant. The recalcitrant trustees then verbally stated their objections substantially to the same effect as was outlined upon the written ballot, and asked the chairman to recommend another teacher. At this meeting the six objecting members had voted for J. B. Clark as principal teacher. The Board, however, ad-journed without electing a principal teacher. At the July meeting Chairman Maynard again nominated appellant for principal teacher, and he was again rejected, the ob-jecting trustees again stating their objections substan-tially as they had done at the June meeting. They again asked sub-District Chairman Maynard to nominate some other person for principal teacher, which he declined to do, and left the meeting. Several members of the board endeavored to get him to return and nominate another principal, explaining to him that it was important that the position of principal be filled at once. He declined, however, to return, whereupon the board organized by electing one of its other members as chairman, elected Clark as principal teacher for the ensuing year, and made the usual contract with him.

As no written objection, remonstrance or petition was filed with the board at either the June or July meeting against appellant's election, he contends that it was the duty of the members of the board, under the authority of the statute, *supra,* as construed in Campbell v. Owens, 150 Ky., 686, to elect him to the position of teacher, and that mandamus lies to compel them to do so.

In Campbell v. Owens, *supra,* we said:

"The power to select teachers is vested in the sub-district trustees, subject to the limitation that the teach-ers recommended by them shall possess the necessary qualifications, and no reasonable objection shall be of-fered to their election. In this case no objections, remon-strances or petitions against the election of William Owens were offered in writing, so none were filed. When the election was called, none of the trustees offered, as they had a right to do, either oral or written objections to his election. The trustees just arbitrarily refused to vote for William Owens, without assigning any reason there-for. If it had been made to appear that William Owens did not possess the necessary qualifications, or if any ob-

jection had been offered to his election based on incapacity, moral unfitness, lack of disciplinary power or proper influence over his pupils, or lack of other qualities essential to good teaching, or any other reasonable objection had been offered, then the trustees would have had a discretion in the matter of his election which the courts would not interfere with in any way, for it is well settled that if an inferior tribunal or a subordinate public body has a discretion, and proceeds to exercise it, such discretion cannot be controlled by mandamus. The discretion of the members of the educational division, however, is confined to those cases where the teacher nominated by the sub-district trustee does not possess the necessary qualifications, or a reasonable objection is offered to his election.''

The question, therefore, before us, is this: Assuming the defendants acted in good faith, since there is no testimony to the contrary, were their reasons for rejecting appellant sufficient under the rule above stated?

The evidence sustains the charge that appellant had not given satisfaction to a large number of the patrons of the school during the preceding year, and that he had not been a successful teacher. These facts appear, not only from the testimony of the patrons of the school, but also from the testimony of Johnson, the county superintendent of schools, who said he had heard quite a good deal of complaint against Maynard; that he was not a successful teacher; and had been sued for whipping one of the pupils. We are of opinion that these facts constituted a reasonable objection to appellant's election as teacher, within the meaning of the statute.

Appellant insists, however, that the objection, if it be treated as reasonable, was not made in the manner prescribed by the statute, and therefore was no objection at all, and cannot be considered. Clearly, however, as was pointed out in Campbell v. Owens, *supra*, the trustees had a right, either orally or in writing, to object to appellant's election, and this they did at the June meeting, as well as at the July meeting. If a trustee has information concerning a nominated teacher, which, for any reason, would render him unfit for the position to which he has been nominated, it would be not only the right of the trustee, but his duty, under his oath of office, to state his objections and reasons therefor and vote to reject the nomination. The purpose of requiring other persons to file with the board their objections or remonstrances

against the election of a teacher is to give the trustees information which they, perhaps, did not theretofore have; and also to give the nominated teacher notice thereof.

In the case at bar, the objections were made at the June meeting, at which no one was elected as principal teacher. When the election of teachers came up at the July meeting, the board again considered the objections to appellant, as it had the right to do, and again rejected his nomination. The proceedings fully met the requirements of the statute; and the objections being reasonable, the trustees were acting entirely within their power when they rejected appellant's nomination.

Judgment affirmed.