## Crawford v. Lewis, et al.

(Decided June 6, 1916.)

### Appeal from Grayson Circuit Court.

Schools and School Districts—County Board of Examiners—Discretion—Mandamus.—The county examining board is vested by

statute with discretionary powers in determining the moral fitness of an applicant for a certificate to teach school and the method to be adopted in making an investigation thereof, to control which mandamus will not issue unless exercised arbitrarily and in abuse of a sound discretion.

J. M. CAMPBELL and G. W. STONE for appellant.

W. O. JONES and L. A. FAUREST for appellees.

OPINION OF THE COURT BY JUDGE CLARKE.—Affirming.

Appellant appeared before appellees, who are the Board of School Examiners for Grayson county, to take the examination in order that he might procure a certificate to teach school in that county; when he was informed by the members of said board that it would be useless for him to take the examination unless he could clear himself of the charges that had been preferred against his moral character.

The charges that had been preferred against him were that three and a half years previous while he was teaching a school in Hardin county, Kentucky, he had established illicit relations with one of his girl pupils, fifteen or sixteen years of age, resulting in her becoming a mother; that when the condition of the girl became known, he resigned his school, left the State, was indicted for detaining a woman against her will, and a bastardy warrant was issued against him; that he remained out of the State until the indictment and bastardy proceedings had been dismissed as the result of some action upon the part of his father; that his certificate to teach in Hardin county had been revoked by the superintendent of that county as a result of these charges.

He denied the truth of the charges against him, but admitted that he had left the school and State; that the prosecutions had been instituted against him, and that the certificate to teach in Hardin county had been revoked because of the charges.

However, he proceeded to take the examination and made a grade entitling him to a second class certificate, if otherwise qualified. After his examination papers had been graded, he was informed by letter from appellee, Ella Lewis, who is school superintendent and one of the examining board of Grayson county, that his grades upon the examination entitled him to a second class certificate,

but that his moral character, in the judgment of the examining board, was such as to preclude the issuance of a certificate to him.

He then brought this suit in the Grayson circuit court for mandamus to compel appellees to issue to him the certificate enabling him to teach school in that county. After the pleadings had been completed and the evidence heard his petition was dismissed, the court separating its findings upon the facts and law involved as follows:

"The court finds that at the time and after the plaintiff took the examination referred to in the pleadings the matter of the applicant indulging in licentiousness was before the county board of school examiners for investigation, and said board did investigate same, and determined that said applicant was a person who indulged in licentiousness and was therefore denied a teacher's certificate.

"Therefore the court finds as a matter of law that the county board of school examiners acted within its discretionary power and not arbitrarily in refusing to issue a teacher's certificate to the plaintiff, as complained of, and the relief sought in this action should be denied."

Section 4501 of the Kentucky Statutes, after providing the subjects upon which an applicant shall be examined, the method of conducting the examination and the grades to be attained, provides as follows:

"No certificate shall be granted to any person who indulges in drunkenness, profanity, gambling or licentiousness, or who is otherwise unfit to be a teacher."

This section necessarily vests in the county board of examiners a discretion in grading examination papers of applicants as well as determining their moral fitness, and mandamus will not lie to direct how a discretionary power thus vested shall be exercised, but may be employed only to direct how a ministerial duty shall be performed or that a discretionary duty shall be performed, but not the manner of its performance. Flynn v. Barnes, 156 Ky. 498; Northington v. Sublett, 114 Ky. 72; Dickens v. Cave Hill Cemetery Co., 93 Ky. 389; Commonwealth v. Boone County Court, 82 Ky. 637; Cassidy, Auditor's Agent v. Young, County Judge, 92 Ky. 230; Jones v. Drake, 129 Ky. 583, and Commonwealth v. McCrone, 153 Ky. 296.

And in 26 Cyc. 283, the rule in reference to the matter now before us is stated thus:

"While mandamus will lie to compel school superintendents or proper authorities to examine teachers and to act upon an application for a teacher's certificate, it will not lie to control the discretionary powers of such officers in granting or withholding certificates, unless they act arbitrarily and in abuse of their discretions."

Unquestionably under our statute the county board of examiners have discretionary powers in granting or withholding teachers' certificates upon the question of moral fitness of the applicant, and unless they act arbitrarily and in abuse of their discretion mandamus will not lie.

Appellant also complains that a formal investigation of the truth of the charges against him, with notice and an opportunity to present evidence, was not held, but the statutes do not provide how the investigation shall be conducted, and it must be presumed that the matter also is left to the sound discretion of the examining board.

Although appellant denied the truth of the charges against him, the evidence heard upon the trial shows that these charges, appellant's action thereafter and his denial were considered by appellees, and that their action in refusing to issue a certificate to him was based upon their conclusions after a consideration of his moral fitness in the light of these charges, and appellant's denial thereof.

Upon a consideration of the evidence we are unable to say that appellees acted arbitrarily or abused a sound discretion in the investigation made or their action thereupon in refusing to issue a teacher's certificate to appellant.

Wherefore the judgment is affirmed.