## Daviess County Board of Education, et al. v. Johnson.

(Decided February 1, 1918.)

### Appeal from Daviess Circuit Court.

1.   Schools and School Districts—Public Schools—Colored Schools—
     Authority of Colored Visitor—Power of Board to Elect Teachers.—
     Section 95, chapter 24, Acts 1916, declares that it shall be the
     duty of the subdistrict trustee to nominate and recommend in
     writing to the division board one or more teachers for each school
     in his subdistrict, and the board shall elect for each subdistrict

a teacher or teachers nominated by the trustee, but should the board reject any nomination or should any trustee fail to nominate for his subdistrict, the chairman of the division board shall immediately notify such sub-district trustee and request further nominations. Section 107 provides for the election of a colored visitor and declares that so far as the colored school or schools of the subdistrict are concerned, the duties of the visitor shall be identical with those of the subdistrict trustee, save that such visitor shall not be a member of the division board. Held that the duty of nominating colored teachers for his subdistrict now devolves upon the colored visitor and that the division board was without authority to elect a colored teacher where the visitor merely failed to nominate at the first meeting, and such an election was invalid.

2. Schools and School Districts—Colored Schools—Teachers—Election—Vacancy—Power to Fill.—Where the election of a colored teacher at the first meeting of the board in June was void because she had not been nominated by the colored visitor, a vacancy existed which the county board had the right to fill at its regular meeting in August without notice to the teacher elected in June or any hearing on the question.

3. Schools and School Districts—Public Schools—Act Providing for Colored Visitor—Validity—Constitutional Law—Section 107, chapter 24, Acts 1916, providing for the election of a visitor for the colored schools with the same duties as those of the subdistrict trustee, save that such visitor shall not be a member of the division board, is not unconstitutional on the ground that it is a local or special act within the meaning of subsection 25, Section 59 of our constitution, providing that the General Assembly shall not pass local or special acts to provide for the management of common schools, or on the ground that it discriminates in favor of the colored race as against the white race and therefore violates section 3 of the Bill of Rights and the fourteenth amendment to the Federal Constitution.

H. A. BIRKHEAD, W. E. AUD and J. R. HIGDON for appellants.

GEORGE W. JOLLY for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

Mattie J. Johnson, a young colored woman possessing the requisite qualifications, applied for the position of teacher in sub-district E, Educational Division No. 5 of Daviess County. Her application was approved and she was recommended by J. E. Wood, trustee in sub-district 9, which includes a portion of the colored sub-district. On the first Saturday in June, 1916, all the sub-district trustees constituting the division board No. 5, met in that district for the purpose of electing eleven teachers for the

next school year. There being no objection to the election of Mattie J. Johnson, she was unanimously elected and given a certificate of election. At this meeting Lou Murray, who had been elected colored visitor for sub-district E, was not present and made no nomination. At the regular meeting of the county board of education held in the month of August, the county superintendent notified the board that Mattie J. Johnson's election was void and a vacancy therefore existed. Thereupon Lou Murray, the colored visitor, recommended Evie Richardson, who was also recommended by J. E. Wood, the sub-district trustee. The county board then elected Evie Richardson teacher for sub-district E. Evie Richardson took charge of the school and began to teach.

Mattie J. Johnson brought this suit against Evie Richardson, Lou Murray, the colored visitor, R. L. McFarland, county superintendent, and certain members of the division board to recover possession of the schoolhouse and to enjoin the defendants from interfering with her in performance of her duties as teacher. During the proceedings the county board of education was made a party defendant. Plaintiff was granted the relief prayed for, and the defendants appeal.

The present school law may be found in Chapter 24, Acts 1916. Section 95 of that act, in so far as it is material to this controversy, is as follows:

"Teachers—Employment of.—It shall be the duty of the subdistrict trustee to nominate and recommend in writing to the division board one or more teachers for each school in his sub-district, and with said nomination and recommendation he shall convey the teachers' credentials and any objections, remonstrances or petitions that may be offered, in writing, to the election of said teacher or teachers, and the board shall elect for each sub-district a teacher or teachers nominated by the trustees thereof, when such teacher possesses the necessary qualifications and no reasonable objection is offered.

Should the division board reject any nomination or should any trustee fail to nominate for his sub-district, the chairman of the division board shall immediately notify such sub-district trustee and request further nominations.

The division board in each educational division shall meet for the consideration of applications and the election of teachers on the first Saturday in June and July in each year, and any vacancy existing for any cause in

any subdistrict thereafter shall be filled by the county board of education upon the recommendation of the trustee of such sub-district. Said division board may meet at such other times as the chairman may designate."

Section 107 is as follows:

"Colored Visitors—Election.—At the same time and place and by the election officers who conduct the election for sub-district trustees, an election shall be held for the purpose of electing a visitor for the colored school or schools of the sub-district. Such a visitor shall be nominated and elected in the same manner as the sub-district trustee, save that the nominating petition shall be signed by colored voters, and that colored voters alone shall be eligible to vote for such visitor. So far as the colored school or schools of the sub-district are concerned, the duties of the visitor shall be identical with those of the sub-district trustees, save that such visitor shall not be a member of the division board."

Since the duty of nominating all teachers in a sub-district formerly devolved upon the sub-district trustee, and since the legislature provided by section 107, *supra,* that so far as the colored schools were concerned, the duties of the visitor should be identical with those of the sub-district trustee, save that such visitor shall not be a member of the division board, there can be no doubt that the duty of nominating colored teachers for his sub-district now devolves upon the colored visitor. But it is argued that as the meeting of the division board was fixed by law, and the colored visitor for the sub-district in question failed to attend or to make any recommendation, he thereby waived his right to do so.

There might be some merit in this contention if section 95, *supra,* had not provided that "Should the division board reject any nomination or should any trustee fail to nominate for his sub-district, the chairman of the division board shall immediately notify such sub-district trustee and request further nominations." Indeed the precise question was before this court in the case of Educational Division Board No. 1, of Floyd County, et al., v. Butler, 155 Ky. 164, 159 S. W. 679. There the sub-district trustee was not present at the meeting of the division board in June and made no recommendation. Notwithstanding this fact, Josie Harris was elected teacher. At an adjourned meeting of the board, the trustee recommended Elizabeth Butler, and she was thereupon elected teacher in the place of Josie Harris. It was

held that when the board met in June and the trustee failed to nominate a teacher, the board should have requested him to nominate one, and having failed to do so, the election of Josie Harris was therefore premature and invalid. It was further held that a vacancy existed which the educational board had the right to fill at an adjourned meeting held on June 28, by electing Elizabeth Butler, who had been recommended by the subdistrict trustee. For a like reason it follows that although Lou Murray, the colored visitor in this case, was not present at the meeting of the division board and made no nomination, it was the duty of the board to request him to nominate a teacher, and until this was done, or he declined to nominate a suitable teacher, no teacher could be elected. It therefore follows that the election of Mattie J. Johnson was void and being void there existed a vacancy which the county board had the right to fill without notice to Mattie J. Johnson or any hearing on the question.

But it is argued that section 107 is unconstitutional in that it is local, special and discriminatory and therefore violates sub-section 25, section 59, of our constitution, and section 3 of the Bills of Rights, as well as the fourteenth amendment to the Federal Constitution. This argument proceeds on the theory that the colored race is given both a visitor and a trustee, while the white race is discriminated against in that it is given only a trustee. Clearly the act is not local because it is applicable to the entire state and not merely to a particular part of the legislative jurisdiction. Nor is the act special in that it applies to particular persons or things of a class or is based on a false or deficient classification. Our constitution clearly provides for the maintenance of separate schools for white and colored children, and neither sub-section 25 of section 59 of our constitution providing that the General Assembly shall not pass local or special acts to provide for the management of common schools, nor section 3 of the Bills of Rights prohibiting the grant of exclusive privileges except in consideration of public services, nor the fourteenth amendment to the Federal Constitution providing that no state shall deny to any person within its jurisdiction the equal protection of the law prohibits a classification based upon color and the employment of separate agencies to accomplish that result. Wall v. Osyter, 36 App. Cas. (D. C.) 50, 31 L. R. A. (N. S.) 180; Berea College v. Commonwealth, 123

Ky. 209, 94 S. W. 623, 124 A. S. R. 344, 13 Ann. Cas. 337, affirmed in 211 U. S. 45, 29 S. Ct. 33, 53 U. S. (L. ed.) 81. Under our Bill of Rights and the fourteenth amendment to the Federal Constitution, it is not necessary that the rights or privileges of the two races shall be identical, but only that they shall be equal. 5 R. C. L. 597. Measuring the act in question by this rule, it is evident that the alleged discrimination is more fanciful than real. As before pointed out, section 107 plainly provides that so far as the colored districts are concerned, the duties of the visitor shall be identical with those of the sub-district trustee, save that such visitor shall not be a member of the division board. The effect of that section, therefore, is not to give the colored race the benefit of a colored visitor in addition to the trustee, but to provide an officer who, with the exception of being a member of the division board, takes the place of the trustee so far as the colored schools are concerned, and perform the duties of that office. The result is that in the case of the white schools all the duties are performed by the trustee, while in the case of the colored schools, all the duties, with the exception of those devolving upon the trustee as a member of the division board, are performed exclusively by the visitor. It will thus be seen that the colored race has not the benefit of two officers acting jointly and concurrently, but merely the benefit of two officers performing different duties which added together equal and are similar to those performed for the white schools by the trustee alone. That being true, the case presents no inequality of rights, but a mere difference in the name of the officers through whom the same right is enjoyed. We therefore conclude that section 107 is not unconstitutional.

So far as concerns the claim that the statute in question discriminates against the white race, we might have rested our decision on the ground that appellee was not a member of that race and could not therefore raise the question. Commonwealth v. Wright, 79 Ky. 22, 42 Am. Rep. 207, 6 R. C. L., page 91, but in view of the general importance of the question and of the further fact that the constitutionality of the act is attacked on other grounds, we have deemed it proper briefly to consider all the grounds urged against its validity.

Judgment reversed and cause remanded, with directions to dismiss the petition.