## Daviess County Board of Education, et al. v. Vanover.

(Decided April 29, 1927.)

### Appeal from Daviess Circuit Court.

1. Schools and School Districts.—Under Ky. Stats., section 4399a-4 and Ky. Stats., Supp. 1926, section 4399a-7, a county board of education may require the teachers it employs to teach the first eight grades of its schools to have higher educational qualifications than are required by statute for such teachers to obtain a provisional elementary teacher's license, second grade, in view of Acts, 1924, c. 63, sections 13 and 15.

2. Schools and School Districts.—Ky. Stats., section 4399a-4 and Ky. Stats., Supp. 1926, section 4399a-7, authorizing county board to determine the "educational policies" of the county, implies the power to prescribe qualifications of teachers at least in so far as requirements do not transgress the minimum requirements fixed by statute for teachers to obtain license.

3. Schools and School Districts.—Holding that county board of education, under Ky. Stats., section 4399a-4, Ky. Stats., Supp. 1926,

section 4399a-7, and Acts 1924, c. 63, sections 13 and 16, has power to require teachers employed by it to have higher educational qualifications than are necessary to obtain second grade teacher's license, is not violative of constitutional or statutory requirement looking to a uniform school system.

WILBUR K. MILLER for appellants.

CLEMENTS & CLEMENTS and BEN D. RINGO for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

This case presents the interesting question of whether or not a county board of education may require the teachers it employs to teach the first to eighth grades in its schools to have higher educational qualifications than those required by the statutes for such teachers to obtain a provisional elementary teacher's license, second grade. The appellee, who possesses such a teacher's license issued to him on June 15, 1926, and which does not expire until June 30, 1928, was recommended by the subdistrict trustee of subdistrict 31 in Daviess county for the position of teacher in that subdistrict for the school year 1926-27. The appellee had no credits in college or normal school work above high school, and indeed he lacked even a high school education. On April 6, 1926, the appellant by resolution duly adopted had provided that beginning with the school year 1926 any teachers employed in the common schools of Daviess county must have earned 16 hours of credits in college or normal school work above high school. As the appellee did not possess these qualifications the appellant board declined to employ him when recommended by the subdistrict trustee, and the appellee thereupon brought this suit to compel the board to employ him. The lower court granted the appellee the relief he sought, and this appeal results. The parties here are agreed that under the Statutes it is the duty of the county board of education to elect as teachers "qualified and available persons" recommended in writing by the subdistrict trustee. Kentucky Statutes, Supp. 1926, section 4399a-7. The question, however, turns on the definition to be given to the word "qualified." Appellee insists that, possessing the teacher's license issued him by the state board of education, he is qualified within the meaning of the statutes.

The appellant insists that he is not qualified, since the requirements necessary to be complied with for one to obtain a provisional elementary teacher's license, second grade, are only minimum requirements, and that the Statutes do not preclude but on the contrary authorize the county board of education of any county that so desires to provide additional qualifications.

Section 4399a-4 of the Statutes provides:

"Subject to the course of study and to the bylaws and policies of the state board of education, the county board of education shall determine by the consent and advice of the county superintendent the educational policies of the county, and shall prescribe rules and regulations for the conduct and management of the schools. The county board of education shall exercise through its executive officer, the county superintendent and his professional assistants, control and supervision over the schools of the county. The county board of education shall consult and advise through its executive officer and his professional assistants, with the local subdistrict trustees, principals, teachers and interested citizens and shall seek in every way to promote the schools under their jurisdiction."

Section 4399a-7, Kentucky Statutes, Supplement 1926, in part reads:

"The county board of education, subject to the laws and regulations of the state board of education, shall, with the advice and assistance of the county superintendent, administer, grade and standardize the schools under its jurisdiction."

It will be observed that these Statutes authorize county boards of education to determine a county's educational policies. This recognizes the fact that the counties of this state are so differently located and are so different in size and wealth that they may well have differing educational policies. The term "educational policy," which is a very broad one, undoubtedly implies the power to prescribe qualifications of teachers, at least in so far as such requirements do not transgress the minimum requirements fixed by the Statutes for teachers to obtain the right to teach. The power to administer, grade, and standardize the schools and to promote them in every way surely carries with it the right to set high standards

for the teaching force. Nor is this power curtailed in any way by any privilege given by the Statutes to a teacher possessing the kind of a teacher's license or certificate which the appellee holds.

The act of March 28, 1924, being chapter 63 of the Acts of that session, which is the controlling act so far as this matter is concerned, provides for different kinds of teacher's certificates or licenses. One is called a standard high school teacher's license. Another is called a provisional high school teacher's license. Section 13 of that act provides:

"Any standard or provisional high school teachers' license shall be evidence of qualifications to teach in any public high school in the state, the seventh and eighth grades included."

It will be noted that the act provides that either of these certificates "shall be evidence of qualifications to teach" in the named schools of the state. This language is clear, and no contention could be made but that one possessing such certificate was qualified to teach in the named schools.

But when the act came to provide for the character of certificate or license which appellee holds (see section 15 of that act), it added by section 16 of the act that such a license "shall be valid for use in any public school in the state, first and eighth grades inclusive." The different language used in connection with this kind of certificate from that used in connection with the standard or provisional high school teacher's license or certificate is significant. The latter said that such a certificate "shall be evidence of qualifications to teach," the former, only that it shall be valid for use, which means that county boards of education are authorized to elect as teachers those possessing such a license or certificate, but does not forbid such board from fixing in addition to such a license or certificate additional requirements that raise the educational qualifications of the teacher. Nor does this interpretation violate any constitutional or statutory requirements looking to a uniform school system. It will not be contended that such requirements are violated by the differing kind of schoolhouses erected or the differing kind of equipment put therein. That teachers in different counties have differing capacities to teach or are equipped with differing

educational qualifications does not make the system of schools not uniform. These teachers simply administer the system, and that some are better equipped perhaps to administer that system than others does not violate any requirement of uniformity.

We have carefully read the cases of Campbell v. Owens, 150 Ky. 686, 150 S. W. 844, Educational Division Board No. 1 v. Butler, 155 Ky. 164, 159 S. W. 679, and Daviess County Board of Education v. Johnson, 179 Ky. 34, 200 S. W. 313, cited and relied upon by appellee. They do not militate against the conclusions we have reached, but only decide, in substance, that where the subdistrict trustee nominates a qualified person, the county board of education may not arbitrarily refuse to elect him as teacher. None of these cases decide what is a "qualified person."

We are therefore of the opinion that the county board of education, under the Statutes governing this controversy, had the right to raise the educational requirements of teachers over those necessary to obtain the kind of license or certificate appellee held; and hence the lower court erred in granting to the appellee the writ of mandamus for which he prayed. Its judgment is reversed, with directions to dismiss the appellee's petition.