## Board of Education for Logan County et al. v. Akers et al.

(Decided March 25, 1932.)

OSCAR M. SMITH for appellants.

PETRIE & STANDARD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Affirming.

Alleging that she had been duly recommended in writing by the subdistrict trustee for the position of school teacher in Oak district No. 38 of Logan county for the school year 1931-1932, and that the county board of education of Logan county, ignoring such recommendation, had refused to elect her to that position, the appellee Nellie Susan Akers brought this suit against that board of education and Miss Lavenia Oaks, whom the board had elected to the position in question, asking that the board be compelled to elect her to such position and that Miss Oaks be enjoined from teaching such school during said period. The appellants defended on the grounds, first, that Miss Akers had not been recommended in writing by the subdistrict trustee on or prior to April 1, 1931, when the board elected teachers in Logan county for the school year 1931-1932; secondly, that she was not qualified, in that she did not at the time of the election possess a teacher's certificate; and, thirdly, that she had participated in the canvass and election of the subdistrict trustee in the May election of 1931, and that the board had adopted a rule that no school teacher who participated in such elections by actively and openly supporting a candidate should be eligible for the position of school teacher in the county. The trial court issued a temporary injunction in accordance with the prayer of Miss Akers' petition. A motion was made before the Honorable A. J. Bratcher, then a

member of this court, to dissolve that temporary injunction which he, after consulting with Judge Richardson, of this court, declined to do. The board thereupon, in accordance with the command of the temporary injunction put Miss Akers in charge of the school in question. This case was then prepared on its merits and submitted to the trial court for final judgment. The trial court on this final hearing made the temporary injunction permanent, and from that judgment this appeal is prosecuted.

Since this case has been submitted, a motion has been made by the appellee to dismiss it as moot on the ground that the school year 1931-1932 has ended, that she has taught the school and has been paid, and that therefore there is nothing left for decision. However, the case is not entirely moot since, if appellee was not entitled to the injunction which the trial court gave her, then the rights as between her and the appellant, Miss Oaks, with reference to the salary, may have to be adjusted in other litigation. The motion to dismiss this appeal as moot is therefore overruled.

However, on the merits, we are of opinion that the judgment of the trial court is correct. In so far as the appellants defended on the ground that the appellee Miss Akers, at the time the school teachers were elected in April, 1931, had not filed with the county superintendent the written recommendation of the sub-district trustee of herself, neither the pleadings nor proof supports it. In the first place, Miss Akers alleged that such written recommendation had been filed, and this allegation is not denied in the answer. Secondly, Miss Akers proved the filing of such written recommendation by her own testimony, of which there is no contradiction. So far as the second defense is concerned, Miss Akers testified, and there is no contradiction, that at the time of the election of school teachers in April, 1931, she had earned enough credits to entitle her to a certificate to teach, and that such certificate was in fact issued in May, 1931, prior to the beginning of the school year 1931-1932. In the case of Lovelace v. Steinbeck, 225 Ky. 669, 9 S. W. (2d) 1002, we held that it is sufficient if the teacher has his certificate before he has to begin to teach, although he may not have it at the time of his election. This being true, the county board was not justified in rejecting the application of Miss Akers

on this ground asserted. Lastly, Miss Akers testifies, that the subdistrict trustee who was re-elected in the May elections of 1931, and whom she actively supported in such election, had promised her during the previous winter to recommend her for the position here involved, and that such promise on his part had been made without any counter promise on her part to support him in his race for re-election, and that he had recommended for the position without any such promise on her part. There is no contradiction of this testimony. Further, it is quite manifest that this defense of the board is an afterthought, since the elections of school teachers occurred on April 1 and the election of the subdistrict trustee did not occur until in May following. Moreover, there is no showing that, even in the election of May, 1931, Miss Akers did anything that was wrong or corrupt or anything else but what any good citizen has a right to do in the support of the candidates of his choice. This being true, the county board had no right to adopt a rule that would preclude a school teacher from securing a position in the schools because of such support of a subdistrict trustee. The case of Daviess County Board of Education v. Vanover, 219 Ky. 565, 293 S. W. 1063, in which it was held that a county board of education has a right to prescribe qualifications of a teacher, at least so far as such qualifications do not transgress the minimum requirements fixed by the statute, was used in connection with educational qualifications, and has no application to the state of case here presented.

Finding no error in the judgment, it must be, and it is hereby, affirmed.