## Fugate v. Fields.

(Decided Jan. 13, 1933.)

NAPIER & EBLEN for appellant.
S. M. WARD for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

Elbert Fields and Isaac Fugate each claimed to have been employed to teach the school in district No. 33 at Typo in Perry county, and the court decided in favor of Fields, whereupon Fugate appealed.

Fields had been recommended by the subdistrict trustee, and on June 6, 1932, had been employed, upon condition that he get his certificate extended, to teach the school which was to begin on July 18th, and we have held it is permissible to employ a teacher if he gets his certificate before time for the school to begin. See Board of Education of Logan County v. Akers, 243 Ky. 177, 47 S. W. (2d) 1046.

Fields then held a local certificate to teach in the elementary schools of Perry county, but his certificate would expire on June 30, 1932. He was endeavoring to get it renewed, but on July 8, 1932, when the board of education met, he had not done so.

On July 18, 1932, the date for the school to begin, Mr. Fields had not secured a renewal of his certificate, and Isaac Fugate began teaching the school, under an arrangement of which no one is complaining but Fields.

On August 5th, Fields began this action against Fugate, and has by it secured an order enjoining and

restraining Fugate from teaching the school or interfering in any way with Fields in teaching same. Since Fugate was in possession and was teaching, the correctness of this order depends upon the right of Fields to teach the school. In order to have a right to teach this school, it was necessary for Fields to have a certificate to teach. As evidence of this right, Fields tenders his certificate, which appears on its face to have been renewed on June 20, 1932, and to have been extended to June 30, 1934; this extension being based upon the presentation of approved evidence of the additional scholarship required by section 4501-3, Ky. Stats. It is admitted that the evidence of this additional scholarship was not received until July 29th, and the indorsement extending it was not made until July 30, 1932, for the reason that Fields had not completed the work necessary to get the evidence thereof until July 27, 1932. So our question narrows down to this: When a teacher's certificate expires and the teacher has not then acquired the additional scholarship necessary to renew it, is he entitled upon the subsequent acquisition of such scholarship and on the basis thereof to have his certificate extended, by having indorsement thereof made upon his certificate as of the date he made application therefor, which in this case was June 20, 1932, when his certificate had not expired? The answer is "No." The breath of life cannot be blown into a corpse. The provision of section 4501-3, Ky. Stats., is plain:

"Any certificate issued on county examination shall be called a local certificate shall be issued for a term of two school years, shall qualify for teaching in elementary schools of the county in which it was earned, and shall be subject to renewal by the director of certification prior to date of its expiration on presentation of approved evidence of two standard high school units of additional scholarship."

Fields had to take notice of the statute, and, moreover, had actual notice on the back of his certificate, where there is printed:

"Renewal privileges. On or before date of expiration this certificate is renewable for a two year period on approved evidence of two state high school units earned during the life of the certificate."

If Fields desired to continue teaching under this certificate, by having it renewed, it was incumbent on

him to so bestir himself as to be entitled to have it renewed; that is, to acquire the needed scholarship prior to the date of its expiration. If he had acquired the additional scholarship during the life of the certificate, he would be entitled to a renewal even though he was delayed in the production of the evidence thereof, but have the additional scholarship he must. Fields allowed his certificate to expire without acquiring the additional scholarship; therefore he is without a certificate, he had no right to teach the school, and the judgment must be reversed, with directions to dismiss his petition.