## Simpson County Board of Education et al. v. Bradley, et al.

(Decided Jan. 17, 1933.)

COLEMAN TAYLOR and LEE MOORE for appellants.

C. E. EVANS for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

The county board of education of Simpson county, Erle Duff, superintendent of schools of the county and secretary of the board, and Etta Gumm, teacher in the

Pleasant View colored school district of the county, are appealing from a judgment mandatorily directing the members of the county board and the superintendent as secretary thereof to assemble and reconvene the board, and to rescind, vacate, and set aside an order theretofore entered, electing Etta Gumm as teacher in the Pleasant View district school for the year 1932-33; to make an order electing Lula Bradley as teacher in that subdistrict and to enter into a contract with her for such school year and to pay her salary for teaching same, and enjoining and restraining them from interfering with her in the teaching of the school and restraining and enjoining Etta Gumm from teaching or attempting to teach the school in that district for the school year indicated; and further adjudging all orders of the board pertaining to the election of Etta Gumm as teacher in that subdistrict and the contract made with her by the board to be illegal, void, and of no effect.

Briefly stated, the undisputed facts are that Will Turner was at all times during the year 1932 the trustee for the Pleasant View colored subdistrict in Simpson county. Within the time, and as required by law, he filed with the county superintendent a writing recommending the appointment or election of Lula Bradley as teacher for the Pleasant View school for the year 1932-33. Thereafter, he was notified by the superintendent that the teacher recommended by him did not possess the qualifications fixed by the board, and was requested to make another recommendation, which he refused to do. Later an order was entered by the board reciting, in substance, that the recommendation be set aside and dismissed because, upon proper investigation concerning the scholastic training of the teacher recommended by the trustee, it was revealed that she did not meet the standards fixed by the board. Subsequently, another order was entered reciting that the trustee, after reasonable time and repeated opportunity had been given, had refused to change his recommendation or to make another; and that the recommendation of a member of the board of Etta Gumm as teacher for the Pleasant View colored school for the year 1932-33 be accepted, and pursuant to that order the board entered into a contract with her to teach the school.

In July 1919, Lula Bradley was granted a first-

class certificate entitling her to teach in the public schools of Simpson county, and on October 12 this certificate was extended for life by the state board of education, under the provisions of section 4502a-6, Kentucky Statutes.

On April 4, 1932, the county board, acting upon recommendations of the county superintendent, adopted and entered an order that no colored teacher would be employed for the year 1932-33 who did not have 4 years of high school and at least 16 hours from a recognized institution, and that those then teaching who did not have 16 college hours must work toward the 16-hour requirement at the rate of at least 6 college hours before the beginning of the 1932-33 school year. It appears in the record that by separate order similar requirements were made as to white teachers.

In this action instituted by Lula Bradley and the trustee, asking for the relief which was granted by the court, the county board set up the order relating to the standard of qualifications fixed for colored teachers as authority for and in defense of its refusal to accept the recommendation made by the trustee, alleging that the teacher recommended did not possess the qualifications or meet the standard fixed by that order.

Since no other ground is assigned for the refusal of the board to follow the trustee's recommendation, the only question presented for decision is whether a teacher holding a life certificate, which entitles the holder to teach in any of the elementary schools of a county, may, when properly recommended, be denied such right merely because the county board of education has imposed requirements as to scholastic training greater than those fixed by statutes under which the certificate was granted.

As sustaining the action of the school board and authorizing reversal of the lower court's judgment, counsel for appellant cite and rely on the case of Daviess County Board of Education v. Vanover, 219 Ky. 565, 293 S. W. 1063, 1064.

In that case it was held that a statute authorizing the county board of education to determine the "educational policies" of the county (section 4399a-4, Kentucky Statutes) implied the authority to prescribe qualifications of teachers greater than the minimum requirements to obtain a provisional elementary teach-

er's license under the provisions of section 15, c. 63, Acts of 1924.

In that case the trustee had recommended a teacher who held a provisional elementary teacher's license of the second grade issued under the provisions of chapter 63, Acts of the General Assembly of Kentucky of 1924. The county board of education had adopted a resolution providing that any teacher employed in the common schools of the county must have earned 16 hours of credit in college or normal school above high school. The board refused to employ the teacher on the ground that he did not possess the qualifications fixed by the board.

In reversing the judgment of the lower court, which in effect held that in the circumstances the county board of education had no discretion but must follow the recommendations of the trustee, this court, after referring to the different kinds of teachers' licenses or certificates provided for in the act and quoting section 13 thereof, continuing, said:

"It will be noted that the act provides that either of these certificates 'shall be evidence of qualifications to teach' in the named schools of the state. This language is clear, and no contention could be made but that one possessing such certificate was qualified to teach in the named schools.

"But when the act came to provide for the character of certificate or license which appellee holds (see section 15 of that act), it added by section 16 of the act that such a license 'shall be valid for use in any public school in the state, first and eighth grades inclusive.' The different language used in connection with this kind of a certificate from that used in connection with the standard or provisional high school teacher's license or certificate is significant. The latter said that such a certificate 'shall be evidence of qualifications to teach,' the former, only that it shall be valid for use, which means that county boards of education are authorized to elect as teachers those possessing such a license or certificate, but does not forbid such board from fixing in addition to such a license or certificate additional requirements that raise the educational qualifications of the teacher."

Section 4502a-6 of the statute under which the certificate held by Lula Bradley was issued, provides:

"That state board of education, in their discretion, shall have the power to extend for life teachers' certificates of such teachers who have had as many as twenty years of successful experience teaching in the common schools of this state, provided that no such certificate shall be of a lower class than the first class."

This section is 184, chapter 24 of the Acts of 1916, which is a comprehensive act relating to the public school system of the state, and the certificate granted under it is of the highest grade provided for in the act, and is evidence of the holder's qualification and authority to teach in public schools of the county, from which the certificate which was extended for life was issued. Clearly it was the intention of the Legislature in making the provision for the issuance of a certificate of this character that 20 years of successful teaching experience in the common schools should entitle the holder to teach without further examination and without any further requirements of scholastic training; and the opinion in the Vanover Case makes a clear distinction between a certificate of this dignity and the provisional one held by the teacher in that case.

It is beyond the realm of sound reasoning to say that the Legislature intended that a certificate extended for life by the state board of education might in effect be abrogated and annulled by any resolution of a county board of education, or that the holder of such certificate should be required to requalify to meet increased standards fixed by such board.

In the case of McDonald v. Nielson, 43 N. D. 346, 175 N. W. 361, the court was confronted with a question in some respects similar to the one here. In that case a life certificate to teach in the public schools was regarded somewhat in the nature of a certificate granted to those engaged in other professions. It was pointed out that Legislatures often prescribed new and higher standards for admission to professions, and that, while standards may be raised from year to year, certificates granted under varying standards are of equal dignity, and entitle the holder to the same rights and privileges. It was further pointed out that an existing certificate of

professional standing will not be affected by subsequent legislation, unless the intention to give it retroactive operation clearly appears from the act.

Our conclusion is that the county board of education could not deny the recommendation of the trustee in this instance and refuse to employ the teacher holding a life certificate merely because of standards fixed by resolution of the board.

Judgment affirmed.