# Conley et al. v. Ousley.

(Decided Dec. 5, 1933.)

B. M. JAMES for appellant.
J. B. CLARKE for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

Virgie Ousley was the holder of a teacher's certificate authorizing her to teach in the elementary schools in Kentucky for a period ending June 30, 1932. Realizing that her certificate would expire June 30, 1932, and desiring to continue her profession of teaching, during the summer semester of the state normal school at Morehead Teachers' College, she acquired in 1931 one unit when two units were necessary to continue the life of her certificate. Some time in June, 1932, again she entered the state normal school at Morehead Teachers' College and resumed her studies for the purpose of acquiring the second unit necessary to continue her certificate. She completed the semester about July 15, 1932, by which she acquired sufficient grade to accomplish the second unit, essential to the continuation of her teacher's certificate. It will be noted that her certificate expired June 30, 1932, before she acquired the necessary educational qualifications to have her certificate extended as authorized and permitted by section 4501-3, Ky. Statutes. The renewal privilege authorized by this statute was for a two-year period on approved evidence of two state high school units rendered during the life of the certificate. Her certificate was renewable only on approved evidence of two high school units during the life of the certificate, which expired June 30, 1932, before she completed her course on July 15, 1932. The facts bring this case squarely within Fugate v. Fields, 247 Ky. 603, 56 S. W. (2d) 361.

The trial court seems to have been controlled by the County Board of Education of Logan County v. Akers, 243 Ky. 177, 47 S. W. (2d) 1046. The facts

therein are not analogous to those in the present case. On the authority of Fugate v. Fields, the judgment is reversed for proceedings consistent with this opinion.