# Montgomery County Board of Education for Montgomery County et al. v. Messer.

(Decided Jan. 22, 1935.)

PREWITT & PREWITT for appellants.

W. B. WHITE for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

By concession of the parties, the right of the appellee, Mrs. Nannie Messer, to the position of teacher in an elementary rural school of Montgomery county during the term which began July 30, 1934, depends upon the invalidity of two orders of the board of education of that county made January 6, 1934. One order provided that:

> "Any teacher who did not teach in Montgomery County in the school year 1933-1934 must have at least 2 years, 64 hours of College work before they have recommendation placed before the board, and all teachers in system (those who taught in school year 1933-34) must have at least one year of college work before their recommendation is placed before the board."

The other order provided that:

> "All new teachers must have transcript of requir- ed college work, 64 hours, and/or certificate on file

in Supt.'s office before the application of teacher is placed before the Board of Education.''

The appellee at the time the board denied her the place had one year of college work and 33 hours of college credits, evidenced by a certificate by the state board of education and filed with the county superintendent. This qualification entitled the holder to teach in all elementary schools of the state generally. For fifteen years last past Mrs. Messer taught in the elementary schools of Kentucky, and during the school years 1926-27 and 1927-28 she taught in this particular school. She did not teach in Montgomery county during the school year 1933-34. There are a number of teachers of elementary schools in the county who did not have 64 hours of college work, but all of them taught in the county during the school year 1933-34. Such are the stipulated facts.

The question is resolved into whether the county board had the right in its discretion to adopt and enforce the orders quoted, and that in turn seems to rest upon whether the prescribed standard for teachers in respect of having taught in the county the previous year is arbitrary and discriminatory.

In Daviess County Board of Education v. Vanover, 219 Ky. 565, 293 S. W. 1063, 1064, construing sections 4399a-4 and 4399a-7 of the Statutes (which were also controlling when these orders were made), it was held to be within the power of a county board of education to establish its educational policy and prescribe higher qualifications of teachers employed by it than are required by the statutes. It was thus reasoned:

"It will be observed that these Statutes authorize county boards of education to determine a county's educational policies. This recognizes the fact that the counties of this state are so differently located and are so different in size and wealth that they may well have differing educational policies. The term 'educational policy,' which is a very broad one, undoubtedly implies the power to prescribe qualifications of teachers, at least in so far as such requirements do not transgress the minimum requirements fixed by the Statutes for teachers to obtain the right to teach. The power to administer, grade, and standardize the schools and to pro-

mote them in every way surely carries with it the right to set high standards for the teaching force. Nor is this power curtailed in any way by any privilege given by the Statutes to a teacher possessing the kind of a teacher's license or certificate which the appellee holds.''

In the new School Code, which became effective shortly before the nomination of the appellee was rejected, those two statutes were repealed, and what is now section 4399-20 of the Supplement to the Statutes (1934) was enacted in their stead. The material part of that statute is as follows:

''Each board of education shall have general control and management of the public schools in its district and may establish such schools and provide for such courses and other services as it deems necessary for the promotion of education and the general health and welfare of pupils as are consistent with the rules and regulations of the State Board of Education . * * *

''Each board shall have power to fix the time and the place of its meetings, to make, amend, adopt, and repeal rules, regulations, and by-laws for its meetings and proceedings, for the government, regulation, and management of the public schools and school property of such district for the transaction of its business, *and for the qualification* and employment of teachers and the conduct of pupils. Such rules, regulations, and by-laws shall be consistent with the general school laws of the Commonwealth and shall be binding on such board of education and parties dealing with it until repealed by an affirmative vote of three members of such board, and shall be spread on the minutes of the board and be open to the public.'' (Our italics.)

The new law vests greater discretionary powers in the county board than did the old. In the exercise of that discretion, it may establish reasonable qualifications higher than the minimum provided by statute, and applicants must comply with those conditions.

The county board's requirement of 64 semester hours is that described in subsection (a) (1) of section 4502-3 of the Statutes Supp. (Acts 1934, c. 65, art. 7,

sec. 3 (a) (1), p. 298) as a ''Provisional Elementary Certificate,'' and declared to be the minimum educational training for the original issuance of a certificate to teach in the elementary schools of the state after September 1, 1935. Until the statute prescribing that standard becomes effective (Acts 1934, c. 65, art. 7, sec. 12, p. 304; c. 67, p. 349), teachers possessing lower qualifications recognized as sufficient under section 4501-7 of the former statute are eligible. After expiration of the term of such ''Provisional Elementary Certificate,'' a higher qualification is required of the teacher to whom it was issued.

The power of the board to establish as a minimum for the current school year the standard which the statute establishes after September 1, 1935, cannot be doubted. But we have here an exception providing that one possessing a less educational qualification is eligible if he taught in the county the next preceding year. It is a forward step beyond the current minimum. While additional technical qualifications are always desirable, actual experience in teaching is the best measure of a teacher's ability, and the board had the right to apply that test rather than another, which perhaps would not be so clearly indicative of capacity. The Legislature recognized the value of actual teaching as training by enacting chapter 67, Acts 1934, providing that credentials of limited educational equipment should be extended upon proof of having taught one year. Ordinarily, it would seem that experience in teaching in any county should suffice, but we see nothing arbitrary or illegally discriminatory in the rule requiring that such teaching must have been under the supervision of the board employing the teacher. It is not strictly a geographical limitation. The teacher is already a member of the staff of the county. The board has a better knowledge of ability and the teacher has had an opportunity to familiarize himself with its systems and methods. The rule, therefore, appears to be reasonable and valid.

The judgment of the trial court being to the contrary, it is reversed for consistent proceedings.