Nelson **GULLETT** et al., Appellants,

v.

Harry M. **SPARKS**, State Superintendent of **Public Instruction** of the **Commonwealth** of **Kentucky**, et al., Appellees.

Court of Appeals of Kentucky.

Sept. 19, 1969.

Marcus Mann, Salyersville, Joe Hobson, Prestonsburg, for appellants.

Ray Corns, Dept. of Education, Frankfort, W. W. Burchett, Prestonsburg, Earl R. Cooper, Salyersville, for appellees.

CULLEN, Commissioner.

A number of elementary school teachers, some currently employed and some retired, brought action seeking an adjudication that they all were entitled to salaries for past years higher than the salaries they were paid for those years, and that the ones currently employed are entitled to salaries for the current year and for future years higher than prescribed by KRS 157.390. By an amended complaint the teachers also sought an adjudication that they were entitled to continuing service status under KRS 161.720 to 161.810. Judgment was entered denying the relief sought, from which judgment the teachers have taken this appeal.

The plaintiffs-appellants all obtained certification as elementary teachers prior to 1934, under K.S. 4501–7, 1930 Edition. At that time a "standard" elementary certificate could be obtained after completion of only 64 semester hours of college training (two years) and the certificate could be given "life" status after a designated number of years of service. The plaintiffs-appellants each had served the required number of years and each had obtained a "life" certificate.

In 1934 the school laws were completely revised and since that time completion of a four-year college course has been required to obtain a standard certificate. Periodic renewal of certificates also has been required and "life" certificates no longer have been issued. See K.S. 4502–3, 1963 Edition; KRS 161.030 to 161.110. However, certificates issued under the pre-1934 law have retained their status and validity. See KRS 161.020(3).

In 1954, when the Minimum Foundation Law was first enacted, teachers were classified according to training, and minimum salary schedules were prescribed for the various classes. Those teachers with less than four years' college credit were classified as Ranks IV and V for which low-level salaries were prescribed. See KRS 157.390. Thereafter, in 1960, 1962, 1964, 1966 and 1968 there were substantial increases in the salary levels for Ranks I, II and III, but for Ranks IV and V only one increase was made during those years, that being in 1960 and of a minor nature. Also, in 1966, the General Assembly authorized salary increments for Ranks I, II and III based on years of *experience,* but no such increments were authorized for Ranks IV and V. As a result, at the present time, a teacher in Rank IV is guaranteed a salary of only $2900 per annum, regardless of years of experience, whereas a teacher in the next highest class, Rank III, is guaranteed a salary of $6650 per annum if she has 10 years' experience.

The plaintiffs-appellants argue that the classification of teachers for salary purposes, and the accompanying salary schedules, are unreasonable and discriminatory in regard to Ranks IV and V; that by virtue of holding "standard life" certificates the plaintiffs-appellants have some kind of vested or contractual right to receive, when employed, compensation commensurate with the status of a fully qualified teacher.

The plaintiffs-appellants rely upon authorities to the effect that a teacher qualified *by statute* for a particular teaching position has a vested right to it and cannot be required by the local authorities to meet additional standards of qualification fixed by them. See 78 C.J.S. Schools and School Districts § 180e(6) (a), p. 1025; Simpson County Board of Education v. Bradley, 246 Ky. 822, 56 S.W.2d 528. But the very authorities so relied upon refute the proposition for which they are cited. In 78 C.J.S. Schools and School Districts § 180e(6) (b), p. 1027, it is pointed out that teacher tenure is statutory and not contractual, and the legislature may abridge or destroy it. And in the Bradley case, supra, the opinion recognizes that a certificate of professional standing may be abolished or limited by the legislature.

We think it is beyond question that the General Assembly could provide by statute that pre-1934 teachers' certificates would no longer be valid and that no one could qualify as a regular teacher without having graduated from a four-year college. By the same token the General Assembly has the power to provide that teachers with less qualification than a four-year degree shall receive only a minimum salary. The fact that the motive of such a provision might be to make teaching so economically unattractive as to discourage the less-qualified teachers from continuing in service does not make the provision unfair, since the right of such teachers to continue in service might have been abolished entirely. In effect, the provision merely treats the less-qualified teachers as being tolerated in employment but not encouraged. This kind of treatment has been held to be permissible. See Board of School Trustees, School City of Peru v. Moore, 218 Ind. 386, 33 N.E. 2d 114, 133 A.L.R. 1431.

The seeking by the plaintiffs-appellants of an adjudication that they are entitled to continuing service status under the teachers' tenure law seems to be merely in the hope of obtaining support for their argument that they have some kind of contractual right to compensation as fully qualified teachers. Surely the adjudication would serve no purpose in itself as to those of the plaintiffs-appellants who have *retired* from teaching. However, we shall consider it as if it were an independent issue.

When the teacher's tenure law was first enacted in 1942 it provided that a continuing service contract should be given to any teacher then completing four or more years of service, who had a "standard or college" certificate. KRS 161.740, 1942 Edition. However, in 1944 the law was amended to make it clear that "standard or college" certificate meant only a certificate issued on the basis of graduation from a standard four-year college. KRS 161.720. If the word "standard" as used in the original law could be construed to have been intended to embrace the pre-1934 "standard certificates" (which is doubtful), the General Assembly in 1944 disembraced them. This the General Assembly had the power to do, under the authorities hereinbefore cited in this opinion, and the effect was to deny tenure status to any person not having a four-year certificate. The plaintiffs-appellants do not claim that any of them was actually given a continuing service "contract" between 1942 and 1944 (or at any time, for that matter), but even if one or more of them had been given such a "contract" it would have been of no significance because what is involved is a legislatively granted status rather than a real contractual right, and the legislature having created the status could abolish it regardless of any papers that the parties executed in the meantime.

We concur in the holding of the circuit court that the plaintiffs-appellants were not entitled to increased compensation or to continuing service status.

The judgment is affirmed.

All concur.