**Jo Ann AMBS, Ann G. Tucker, and Nancy Lawson, Appellants,**

v.

**BOARD OF EDUCATION OF JEFFERSON COUNTY, Kentucky, and the following persons as Members of the Board of Education of Jefferson County, Kentucky, Orville R. Miller, Jr., Roberta B. Tully, Fred Pfannenschmidt, Jr., Jean Ruffra, William Summers, III, John P. Bell, Carolyn G. Hutto, Carol Ann Haddad, Thomas R. Shultz, C. B. Young, Jr., Don M. Randolph, Carl R. Hines, Scott C. Detrick, Appellees.**

Court of Appeals of Kentucky.

Feb. 24, 1978.

Rehearing Denied April 21, 1978.

Discretionary Review Denied Oct. 3, 1978.

Charles C. McConnell, Louisville, for appellants.

E. Preston Young, Dan C. McCubbin, Louisville, for appellees.

Before HOWERTON, GANT and WHITE, JJ.

HOWERTON, Judge.

This is an appeal from a summary judgment dismissing appellants' complaint. The facts are undisputed, but appellants contend that they were entitled to judgment as a matter of law, rather than the judgment which was entered on behalf of the appellees.

On February 28, 1975, the Kentucky State Board of Education adopted a Resolution merging the Louisville Independent School District with the Jefferson County School District. The effective date of the merger was April 1, 1975, but it was not until July 1, 1975 that the two systems actually merged for employment and fiscal purposes.

Prior to the merger, each district had for many years paid its teacher personnel on a rank and experience step basis. The various ranks reflected the educational qualifications of the teacher. The various ranks were based on such criteria as type of degree and number of hours above each degree. The salaries of teachers in each rank increased within the rank as the teacher progressed along a higher number of experience steps. The portion of the salary schedule, which is the subject of this lawsuit, is commonly referred to as experience steps. Under the present policies of the new Board, a teacher is allowed advancement to the next higher experience step for each full year of teaching service up to the maximum number of years allowed in each rank.

Beginning in the school year 1955–56, the former Louisville system adopted a single salary schedule based on training, experience and such other factors as the State Board approved. This was done pursuant to KRS 157.320(13). An enrichment program was adopted to award teachers pay increments for each year of experience where the teacher had earned additional college credit, engaged in study or research, served in professional organizations, etc. The former Jefferson County system adopted a similar policy in 1957. The former Louisville School system's enrichment program was terminated in 1970 and the enrichment program for the Jefferson County system was discontinued pursuant to a negotiated agreement with the Teacher's Association in 1974. The enrichment programs generally required a pay freeze, if a teacher did not obtain certain credits each

four years in order to qualify for normal advancement on the experience steps in the pay scale.

As a result of these facts, there were approximately 189 county teachers who had been full-time employees within the county system during the years 1970–1973 who were not advanced on that system's salary schedule because they did not qualify under the enrichment program. There was a corresponding group of teachers from the Louisville system who had been allowed advancement on the experience steps during one or more of the same four years between 1970–1973 on the basis of teaching experience alone. The appellants are among the former county teachers who did not choose to participate in the enrichment program, and who were therefore not placed as high on the new salary scale as were some of the Louisville teachers who had been promoted on the basis of experience or time alone.

The Kentucky State Board of Education Resolution establishing the terms for the merger provided in part:

> The merged school district shall treat all certified and non-certified personnel in a fair and equitable manner. These conditions shall include but not be limited to contractual salaries.

On August 11, 1975, the merged Board adopted a Resolution which recognized that there existed within the two former systems different salary schedules, salary policies and fringe benefit programs. That Resolution adopted a new salary schedule for the merged school system which equalized the basic salary between the former Louisville and Jefferson County teachers and maintained the previous number of ranks and experience steps that had been customarily used in determining salaries. The Board then awarded individual teachers in the merged system a position on the salary schedule based on rank and experience. In so doing, the teachers from each system were given the credit that the former system had allowed them.

No claims are made by the appellants in this action that any discrimination existed prior to merger in the separate systems with respect to the enrichment and pay freeze policies. Appellants admit that each school system had a right to allow experience credits on any basis so long as all teachers within the system were treated alike. Appellants do complain, however, that if the School Board elected to classify teachers for placement on the experience steps of a salary schedule for the merged district, it was required to do so by applying the same criteria for that right to all teachers with similar experience, and the failure to do so constituted invidious discrimination.

In granting summary judgment in favor of the appellees, the trial judge took the positions that (A) a school system has the right to adopt reasonable classifications for purposes of pay; (B) the pay freeze policies maintained by the separate Louisville and Jefferson County systems prior to merger did not discriminate as applied within these separate systems; and (C) the merged Board satisfied its obligation to treat all of its teachers equally for pay purposes by placing them on the experience scale, one step higher than they had been the prior year under the salary schedule of their former employer. The reasoning of Circuit Judge Jack Mudd, in his opinion supporting the summary judgment, agrees with the views of this court and will be quoted in substantial part and adopted as the opinion of this court.

> Plaintiffs would have all teachers equalized on the pay scale, without regard to training or participation in existing programs in the district of which they were a part prior to the merger. Plaintiffs entered the new schedule under the merger without benefit of experience credits for their teaching of 1970–1973, not because of the merger and the new salary schedule, but for the reason that they did not qualify for the credits under the program in effect in Jefferson County for that period.
>
> Differential in pay based on experience, qualification and education, has long been upheld. The court finds no issue with the

law in the cases cited by plaintiff, but fails to find their applicability to the facts of this case. Whether in a single, separate school district or in a merged district, the reasonableness of the classification would still apply. Surely, it is not suggested that all teachers in the merged district would receive the same pay regardless of experience, education and training.

KRS 157.390 provides for determination of teacher salary on the basis of Ranks I–V, as determined by college credits and degrees and other factors. This was and is still in effect and upheld by the Court of Appeals in the case of *Gullett v. Sparks,* Ky., 444 S.W.2d 901 (1969) and *Board of Education of Nelson County v. Lawrence,* Ky., 375 S.W.2d 830 (1963). KRS 157.350 enacted in 1976 provided under Subsection 3, for compensation of all teachers on the basis of a single salary schedule and in conformity with the provisions of KRS 157.310 to 157.440 (including 157.390 cited above with respect to ranks). Counsel for both parties refer to, without furnishing copy of the Opinion, the case of *Phillips v. Board of Education,* 300 U.S. 391, and *Austin [Alston] v. School Board of Education of Norfolk,* 112 F.2d 992, CA 4. Plaintiff cites these cases as holding that an unreasonable classification of teachers for salary and other purposes would be a violation of the equal protection clause if all persons within the class were not treated alike. It is noted by the court, and pointed out by defendant, that there is no showing by plaintiff that these cases and others cited prohibit classification of teachers for the purpose of salaries.

This court fails to find any facts supporting an unreasonable classification or discrimination of teachers within each class or rank. The rank of each of the plaintiffs is based on their credits earned while in their school district before merger. This court finds no basis to put all teachers in the same salary classification regardless of earned credits. The fact that teachers in one district earned credits on a different basis than those of another but separate school district would not support any discrimination within a single district. Nor would the merger of the two districts such as in Louisville and Jefferson County, create as invalid an otherwise valid classification within the separate districts.

■ We agree with the findings and the conclusions of the trial court. Many statutes and cases have prohibited discrimination on many grounds and within several classifications. Among them are race, sex, national origin and marital status. Teachers, as such, are not within a suspect classification, and appellants' alleged discrimination must be clear and convincing to be actionable. The authorities cited by the appellants have generally dealt with the more suspect classifications, or with cases not using a uniform salary schedule.

The teachers are now in one group, and there must be a starting point on the salary scale for each teacher. Each teacher will be treated equally hereafter. The new Board acted reasonably in establishing its new pay schedules. The pay freezes in the salary system of the old Board were proper and were not discriminatory. The policy of placing all teachers in the comparable position the teacher held under the old system certainly does not discriminate, and the policy meets the fair and equitable requirements of the State Board of Education's merger resolution.

The appellants could have enriched themselves, but they did not. To give them the relief they now seek would be unfair to all those who did sacrifice the effort and expense to improve their qualifications and to enhance their experiences. Both former systems used the pay freeze method for a time, and therefore, to completely correct all of the inequities claimed by the appellants, each and every teacher's record would have to be reviewed and all freezes eliminated. The appellants even admit that the freezes were lawful when the enrichment programs were in operation.

The trial court was correct in concluding that the new pay plan was reasonable and

that its implementation was not discriminatory.  The judgment is affirmed.

All concur.